UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD LAMONT SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19CV208 HEA |
| | ) |
| GAIL MADDOX, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Ronald Lamont Sutton for leave to commence this civil action without prepayment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.75. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing plaintiff's allegations, he will be required to amend his complaint on a court form.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.75. Accordingly, the Court will assess an initial partial filing fee of $1.75, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim

for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently an inmate at Algoa Correctional Center ("Algoa") in Jefferson City, Missouri. He brings this action pursuant to 42 U.S.C. § 1983 against: Gail Maddox (Health Services Administrator at Algoa); Narendrasinh Khengar (Doctor/Medical Director at Algoa); Kelly Morriess (Warden at Algoa); Nicole Massman (Director of Nursing, Algoa); and Anne Precythe (Director of the Missouri Department of Corrections ("MDOC")). Plaintiff sues defendants Maddox, Morriess and Massman in their individual capacities only. Plaintiff sues defendants Khengar and Precythe in both their individual and official capacities.

Plaintiff claims that he is suffering pain in his lower and middle back. He complains that he has not been given proper care for the pain during his time at Algoa Correctional Center, Eastern Diagnostic Correctional Center ("ERDCC") or Potosi Correctional Center ("PCC"). However, plaintiff only names defendants relative to Algoa Correctional Center, and he has not properly alleged which defendants purportedly denied him medical care at Algoa.

For example, plaintiff generally states that he told the Director of MDOC, Anne Precythe that he was denied access to proper medical treatment. However, he does not state exactly who at Algoa, Potosi or ERDCC denied him the medical care he asked for.[1] Plaintiff further alleges that

---

[1]To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a

MDOC had a policy or custom of denying medical treatment of denying medical care.[2] He claims that Warden Morriess, Director Precythe and Gail Maddox failed to properly investigate his medical situation when they denied his grievance appeals relative to his disagreement with his medical care at Algoa Correctional Center.[3]

Plaintiff asserts that Dr. Khengar, at Algoa, gave him muscle reliever rub, muscle relaxers, and pain relievers, but none of the aforementioned did enough to relieve his pain. Plaintiff believes that this states a deliberate indifference to his medical needs. Additionally, plaintiff claims that Nurse Massman was "hiding paperwork" and "messed with evidence," but he does not state what significance this has to his complaint. He notes only that she lied on paperwork to make "them" look good.

Although not named as defendants in this action, plaintiff states in the body of his complaint that at ERDCC he was denied proper medical care (presumably for his back pain) by the Director of Nursing, Melissa Daniels. He claims she was "messing up paperwork," but like

---

deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that a particular defendant who he asked for assistance actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To the extent plaintiff is merely disagreeing with treatment decisions, such a claim does not rise to the level of a constitutional violation. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

[2] A suit against the Missouri Department of Corrections is a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). Furthermore, an official capacity claim against MDOC, or Director Anne Precythe or Narendrasinh Khengar , is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

[3] "Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted).

his claim above against Nurse Massman, he does not indicate what this significance has to his complaint. Plaintiff also mentions someone named "Todd," the Director of Medical at ERDCC, who he claims denied him medical care in December of 2016 and March 2017. Plaintiff does not articulate exactly how Unknown Todd denied him serious medical needs in violation of the Eighth Amendment.

Plaintiff asserts in his complaint that he was also denied medical care at Potosi between April and December of 2017. Plaintiff has not indicated a specific defendant who purportedly denied him medical care in violation of the Eighth Amendment at PCC.

Plaintiff seeks injunctive relief and unspecified monetary damages.

**Discussion**

The Court has reviewed the complaint and believes that, although plaintiff may be able to assert claims based on the denial of his constitutional rights, he has improperly joined in this one lawsuit all five of the named defendants and his numerous claims against them, as well as his claims relating to Algoa, PCC and ERDCC. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the

required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis.

Additionally, plaintiff's claims relating to Algoa Correctional Center cannot be brought in this District Court. Rather, any claims relating to Algoa Correctional Center must be brought in the United States District Court for the Western District of Missouri. Thus, if plaintiff pursues

his claims against defendants located at Algoa Correctional Center in this lawsuit, the Court will be obligated to transfer those claims to the Western District of Missouri. [4]

Therefore, the Court will require plaintiff to amend his complaint on a court-provided form. He should include only one set of claims relating to one set of defendants on the form for filing in this action. For example, if plaintiff wishes to bring his claims relating to the Algoa defendants, he should file those claims in the Western District of Missouri. If plaintiff wishes to file a lawsuit relative to his deliberate indifference claims that purportedly occurred at Potosi, he should file those claims in a separate lawsuit in this Court. **Plaintiff may amend his complaint in this case, however, with his deliberate indifference claims relating to ERDCC.** To the extent plaintiff attempts to add claims unrelated to those at ERDCC, the Court will dismiss those claims, without prejudice, pursuant to this Memorandum and Order. The Court will provide plaintiff with three separate Court forms for filing his complaints.

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal

---

[4] Under 28 U.S.C. § 1391(b), a civil action may only be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[5] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make sufficiently specific factual allegations to permit that defendant to be identified after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint **relating to his claims against the ERDCC defendants only**. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Last, the Court will decline to authorize an appointment of counsel in this action at this time. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether

---

[5]The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.75 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint **containing claims only against the ERDCC defendants**, in accordance with the Federal Rules of Civil Procedure and the instructions set forth in this Memorandum and Order, no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff three (3) blank forms for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice**.

Dated this 13th day of February, 2019.

                                              HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE