# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD LAMONT SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-208 HEA |
| | ) | |
| MELISSA DANIELS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint. Based upon a review of the amended complaint, the Court finds that the amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree*

*Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff, Ronald Lamont Sutton, was an inmate at Algoa Correctional Center ("Algoa) in Jefferson City, Missouri when he filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on February 11, 2019. In a handwritten complaint, totaling seventy-three pages (with exhibits), against five different defendants, relating to three separate Correctional Institutions (Algoa, ERDCC and Potosi), plaintiff sued for denial of medical care relating to his lower back pain.

Because plaintiff had several pleading deficiencies and his complaint attempted to improperly join a multitude of claims against different defendants that were related to events

arising out of different occurrences or transactions, the Court ordered plaintiff, on February 13, 2019, to amend his pleading to cure the deficiencies in the complaint. Plaintiff filed his amended pleading on February 27, 2019.

**Amended Complaint**

Plaintiff, who is now incarcerated at Jefferson City Correctional Center ("JCCC") brings his amended complaint against three new defendants: Melissa Daniels (Director of Nursing, Corizon), Todd Bredeman (ERDCC, MDOC) and Levi Lawson (Acting Wardon, ERDCC, MDOC). He states that he is bringing claims against defendants in their individual capacities only.

Plaintiff states that defendant Daniels "makes their image look good" at ERDCC by messing paperwork up. Plaintiff states that he believes defendant Daniels lied about the results of plaintiff's X-ray, lied about the dates of the medical department's response to plaintiff's IRR, and "denied access to plaintiff's medical needs."

Plaintiff claims defendant Todd Bredeman also "lied on paperwork" about "plaintiff's medical treatment" and "dates" saying he had an X-ray and that plaintiff was "negative for fracture." Plaintiff also believes that defendant Bredeman denied plaintiff "access to serious medical needs."

Plaintiff states in a conclusory manner that defendant Lawson was aware of plaintiff's "serious medical needs" and denied plaintiff medical care. Plaintiff also states that he believes Lawson punished him for complaining about not getting medical needs by placing him in the hole. However, plaintiff has not made any factual allegations relative to this assertion.

Plaintiff also states generally that Lawson had a policy of failing to provide plaintiff with medical care, and that he failed to train or supervise those at ERDCC on redressing his medical needs.

Plaintiff seeks compensatory and punitive damages from defendants.

**Discussion**

Plaintiff's vague and conclusory allegations without facts, that defendants Daniels, Bredeman and Lawson, "denied him medical care," "lied" to make MDOC's and Corizon's image look good, "messed up paperwork," attempted to lie about paperwork and lied about test results wholly lack factual support and are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678. Even *pro se* plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Plaintiff simply has not alleged any facts showing a deliberate indifference to his serious medical needs with respect to defendants Daniels, Lawson or Bredeman. Although plaintiff may disagree with the treatment given by defendants, mere disagreement with medical care is not enough to rise to a deliberate indifference claim. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Furthermore, plaintiff has not stated enough in his allegations to make a claim for relief against supervisors Daniels, Lawson or Bredeman.

Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents

that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

It appears that Daniels, Lawson and Bredeman are all supervisory defendants. Not one of these defendants are responsible for actually providing day to day care at ERDCC. In other words, plaintiff asserts that each of these individuals should be liable for what occurred to him because they are supervisors of medical operations at either Corizon or MDOC. Plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. And general responsibility for supervisory responsibilities cannot establish personal involvement. *See, e.g., Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord,* 1998 WL 740782, at *6) (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).[1] As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendants Daniels, Lawson and Bredeman.

Similarly, plaintiff's conclusory statement that he believes that Lawson punished him for complaining about not getting medical needs by placing him in the hole also fails to state a claim. To state a prima facie case for retaliation, plaintiff must allege that he engaged in protected activity and that a defendant, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz,* 382 F.3d 870, 876 (8th Cir. 2004), *cert. denied*, 546 U.S. 860 (2005). As

---

[1]Plaintiff's conclusory statements that Daniels and Bredeman were responsible for reviewing grievance appeals throughout the region should make them liable for the alleged constitutional violations in this instance are without merit.

noted above, plaintiff has not alleged enough facts to show that Lawson knew about any alleged denial of medical care on the part of plaintiff. Thus, he cannot support a claim for purported retaliation based on the asserted denial of medical care.

Furthermore, plaintiff's policy claims against defendant Warden Lawson, as well as his failure to train and failure to supervise, also fail to state a claim for relief.

Plaintiff's assertions that Lawson had a policy of failing to provide just plaintiff with medical care, simply refers to a policy of one. This is not a true official policy claim based on a guiding principle or procedure. Similarly, plaintiff's assertions that defendant Lawson failed to train or supervise those at ERDCC on redressing his medical needs also fails to state a true overall policy. *See, e.g., Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016) ("Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters."); s*ee also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"); *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017) (in order to show a failure to train, a plaintiff must allege a "pattern of similar constitutional violations by untrained employees").

Here, there are no facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom. He also fails to present any facts indicating that defendant Lawson failed to train his employees. Instead, plaintiff's complaint focuses on conclusory statements regarding what he perceives to be misread X-rays. The Court, however, cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991); *see also*

*Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Accordingly,

**IT IS HEREBY ORDERED** that that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay the initial partial filing fee [Doc. #7] is **DENIED AS MOOT as the initial partial filing fee was paid on March 22, 2019**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of August, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE